UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No.. 16-md-02741-VC |
| This document relates to:<br><br>*Denkins v. Monsanto,* Case No. 20-cv-03301 | **PLAINTIFFS RESPONSE TO ORDER NO. 261: ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** |

COMES NOW HOUSSIERE, DURANT & HOUSSIERE, LLP, attorneys for the above-referenced Plaintiff, filing the declaration as ordered by the Court, and say:

1. The Court was correct Plaintiff's attorneys were unable to retain an expert willing to testify that Roundup caused Ms. Denkins NHL.

2. Plaintiff's attorneys searched for an expert and was able to speak with Dr. Alfred Neuget, MD, whom Plaintiffs found through an expert finding service, about retaining him as a specific causation expert in these cases. However, Plaintiffs' attorneys found the Court's order excluding Dr. Neuget's testimony as unreliable.

3. Plaintiff's attorneys also contacted Dr. Dennis Weisenburger about serving as a case specific expert. However, Dr. Weisenburger said that he was not taking any other cases. Plaintiff's attorneys then decided that it was best to try to obtain testimony that Roundup caused Ms. Denkin's NHL from her treating physicians.

4. Plaintiffs' attorneys attempted to speak with Devesh Pandya, MD (the physician actually treating Ms. Denkin's cancer, who would have the most reliable personal knowledge of her condition and the treatment of same). Plaintiffs' attorneys called and wrote three separate letters to Dr. Pandya attempting to learn his opinions to no avail. Plaintiffs' attorneys also asked

1

Ms. Denkins to speak with Dr. Pandya to persuade him to speak with her attorneys. However, Dr. Pandya never responded. Dr. Pandya testified under oath during his deposition that Ms. Denkins was referred to him in 2015 for anemia (Ms. Denkin's main complaint), not NHL. No one diagnosed her with lymphoma until 2019. Dr. Pandya also testified that she had anemia from gastrointestinal bleeding that was unrelated to her cancer or Roundup or glyphosate and that her bleeding was multifactorial, and when asked that he gave no opinion that Roundup caused her cancer. Plaintiffs' attorneys informed Ms. Denkin's her treating doctor, Dr. Pandya, would not support her Roundup claim and in fact his testimony supported Monsanto's defense; and thus, we recommended settling her case if possible. Prior to the expert designation deadline, Ms. Denkins verbally agreed to settle her case with Monsanto for the amount that had been offered. Upon receiving the settlement agreement, which was after the deadline for designating experts, Plaintiffs' attorneys sent it to Ms. Denkins, but she has not signed it. Plaintiffs' attorneys informed Ms. Denkins of the motions for summary judgment when Monsanto filed them, recommending that Ms. Denkins sign the settlement agreement, but she did not sign it.

5. We have informed Ms. Denkins of Pretrial Order No. 261, which sets forth the Court's statement that it intends to grant summary judgment in favor of Monsanto. We had previously warned Ms. Denkins that this could happen in her case, yet she still refused to sign the settlement agreement. We are willing to withdraw from the case and allow another attorney to proceed forward with the case if the Court would allow that, but there is nothing further we can do to present an opinion that Roundup caused Ms. Denkin's cancer. When we received the Court's order, we immediately sent it to her as instructed and read it to her.

6. If the Court has any further questions, we are happy to discuss it with the Court

Respectfully submitted,

Houssiere, Durant & Houssiere, LLP

By: /s/Charles R. Houssiere, III
    Charles R. Houssiere, III
    Attorney in Charge
    Texas Bar No. 10050700
    choussiere@HDHtex.com
    Randal A. Kauffman
    Texas Bar No. 11111700
    rkauffman@HDHtex.com
1990 Post Oak Blvd., Suite 800
Houston, Texas 77056-3812
Telephone: (713)626-3700
Facsimile: (713)626-3709
ATTORNEYS FOR PLAINTIFFS